IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PAULA MARIE DICKERSON                                          PLAINTIFF

V.                          CIVIL ACTION NO. 5:22-cv-23-DCB-LGI

KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL SECURITY                                DEFENDANT

ORDER

This matter is before the Court on Magistrate Judge Isaac's Report and Recommendation ("Report") [ECF No. 20] concerning Paula Dickerson's ("Plaintiff") Complaint against Commissioner of Social Security Administration ("Defendant") that was filed March 31, 2022. [ECF No. 1]. The Report was entered on July 31, 2023, and Plaintiff filed a timely Objection on August 14, 2023. [ECF No. 21].

Judge Isaac recommends that the Court find the Administrative Law Judge ("ALJ") applied the correct legal standards and that substantial evidence supports the ALJ decision. [ECF No. 20] at 20. Judge Isaac cites the fact that Plaintiff failed to show consistent objective medical evidence to support her allegedly severe medical impairments. [ECF No. 20]. Moreover, substantial evidence exists in the record to support the ALJ decision. [ECF No. 20] at 4. Judge Isaac also found that the ALJ is not required to adopt a specific medical source opinion. [ECF No. 20] at 17. Instead, the ALJ has the discretion to assign weight to each opinion so long as it is

1

supported by substantial evidence in the record. [ECF No. 20] at 17-18.

Plaintiff's Objection articulates two points of error. [ECF No. 21]. First, Plaintiff argues the ALJ did not fully consider the extent of Plaintiff's migraine headaches. [ECF No. 21] at 2. Next, Plaintiff alleges the ALJ erred in her analysis of two medical source opinions. [ECF No. 21] at 6. Specifically, Plaintiff contends the ALJ assigned little weight to a consulting examiner and too much weight to the state agency physicians. [ECF No. 21] at 6; 10.

After reviewing the Report, Plaintiff's Objection, and the applicable law, the Court finds as follows:

I. Standard of Review

Because Plaintiff filed an Objection [ECF No. 21] to the Report [ECF No. 20], this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to make new findings of fact or reiterate the findings and conclusions of the magistrate judge to conduct a de novo review. Warren v. Miles, 230 F.3d 688, 694-95 (5th Cir. 2000); Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). To the extent Plaintiff does not object to portions of the Report (ECF No. 20), the Court need not conduct a de novo review of those portions and instead

should apply a clearly erroneous or contrary to law standard. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The standard of review for ALJ determinations is "highly deferential." Perez, 415 F.3d at 464. The Court considers whether substantial evidence supports the decision and whether the correct legal standards were employed. 42 U.S.C. §405(g); Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence is "more than a mere scintilla and less than a preponderance." Id. But this Court will neither "re-weigh the evidence" nor "substitute [the] judgment for the Commissioner's, even if [the Court] believe[s] the evidence weighs against the Commissioner's decision." Id. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." Selders v. Sullivan, 914 F.2d 614, 617 (5th Cir. 1990) (citing Patton v. Schweiker, 697 F.2d 590, 592 (5th Cir. 1983)). Remand is warranted only if the ALJ's error was harmful. Hineski v. Sanders, 556 U.S. 396, 407-08 (2009). The burden falls upon the claimant to show prejudicial error. Jones v. Astrue, 691 F.3d 730, 734 (5th Cir. 2012).

II. Discussion

1. Whether the ALJ failed to fully consider the extent of Plaintiff's migraine headaches

Plaintiff first argues the ALJ erred in finding Plaintiff's migraine headaches were non-severe and caused minimal limitations on

3

her ability to perform basic work activities. In her Objection to the Report, the Plaintiff states the ALJ's consideration was inconsistent with Social Security Ruling 19-4p. [ECF No. 21] at 2.

SSR 19-4p was issued to help the courts evaluate the severity of headaches and incorporate the potential impairment in the residual functional capacity. SSR 19-4p, 2019 WL 4169635, at *2 (S.S.A. Aug. 26, 2019). The Report cites several findings in SSR 19-4p to determine whether the Plaintiff suffers from a migraine headache disorder: "a primary headache disorder diagnosis from an acceptable medical source; an observation of a typical headache event, and a detailed description of the event . . . by an acceptable medical source; remarkable or unremarkable findings or laboratory tests; and response to treatment. [ECF No. 20] at 7. Still, "[c]onsistency and supportability between reported symptoms and objective medical evidence is key in assessing the RFC." SSR 19-4p, 2019 WL 4169635, at *8.

Here, the Plaintiff has failed to present substantial evidence to demonstrate that the ALJ erred in finding Plaintiff's migraine headaches as non-severe. In fact, the Report shows Plaintiff never complained of headaches until January 2021. Moreover, there is no diagnosis or objective medical examination describing migraine headache events, and the Plaintiff herself noted positive responses

to migraine treatment. Thus, there is substantial evidence in the record to support the non-severe finding.

Moreover, even though the ALJ found the migraine headaches to be non-severe, the ALJ still incorporated "two-hour blocks" for the "mild limitations in concentrating, persistence and pace." [ECF No. 20] at 12 (citing Raiford v. Kijakazi, No. CV 22-764, 2023 WL 1486227, at *16 (E.D. La. Jan. 10, 2023)). This limitation accounts for any difficulties arising from Plaintiff's alleged headaches. This limitation further shows that any error by the ALJ's finding was harmless and Plaintiff is therefore unable to show prejudice requiring remand.

### 2. Whether the ALJ committed reversible error by affording little weight to the opinion of Dr. Dyer

Plaintiff next argues that the ALJ did not sufficiently explain how Dr. Dyer's opinion was inconsistent or unsupported by the record. She contends the ALJ failed to show a "discernible 'logic bridge' between the evidence and the ALJ's persuasive finding." [ECF No. 21] at 8 (citing Cooley v. Commissioner, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021).

Under the regulations, the ALJ is required to articulate persuasive findings concerning medical opinions, with supportability and consistency as the most important factors. 20 C.F.R. § 404.1520c(b). In her analysis, the ALJ must "explain how [s]he

considered the supportability and consistency factors for a medical source's medical opinions or prior administrative findings in [the claimant's] determination or decision." Id. See also Miller v. Kijakazi, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023). Still, the ALJ must assess the entirety of the medical evidence to determine Plaintiff's capacity for work, Fontenot v. Colvin, 661 F. App'x 274, 277 (5th Cir. 2016), and the ALJ has the discretion to assign weight to each opinion so long as it is supported by the evidence in the record. Bayer v. Colvin, 557 F. App'x 280, 287-88 (5th Cir. 2014).

In support of her argument, Plaintiff argues that the ALJ's consideration of Dr. Dyer's opinion in conjunction with the medical evidence in the record did not "create a discern[i]ble 'logic bridge'" required by Cooley. [ECF No. 21] at 9. Plaintiff asserts the ALJ's analysis is "confusing" because the ALJ dismissed the opinion as "vague" but still assessed a residual functional capacity "that permits light work, which entails six hours of standing/walking and six hours of sitting." [Id.]

The Court is not persuaded by the Plaintiff's argument. Dr. Dyer opined that Plaintiff had severe limitations with walking which required the use of a cane for long distances and uneven terrain. The ALJ accorded little weight to the opinion because it was "vague as to the extent of the claimant's limitations. . . ." [ECF No. 20] at 18.

Moreover, the ALJ found the opinion inconsistent with "Plaintiff's examinations of record showing normal balance and normal gait and stance." [Id.] Finally, "Plaintiff's osteoarthritis and neuropathy diagnoses supported . . . occasional postural limitations rather than frequent limitations. . . ." [Id.] The record shows the ALJ considered the entirety of the record and found Dr. Dyer's opinion less persuasive, which the ALJ has the discretion to do so long as there is support in the record.

Even if the Plaintiff could prove ALJ error, the Fifth Circuit requires her to show that if the ALJ had given further explanation, the ALJ would have adopted the medical opinion. Miller, 2023 WL 234773, at *4. The Court cannot "reweigh the evidence" to show prejudicial harm against the Plaintiff. Masterson, 309 F.3d at 272. Here, the Plaintiff points to no other evidence in the record to show Dr. Dyer's opinion is consistent and supported by the record. Thus, any alleged error would be harmless.

### 3. Whether the ALJ committed reversible error by finding persuasive the opinion of the state agency

Plaintiff lastly argues the ALJ erred in finding the medical source opinion from the state agency persuasive. Specifically, the Plaintiff alleges the state agency opinion is inconsistent and not supported by the record because the state agency failed to address

the 270 pages of medical records added since state review. [ECF No. 21] at 11.

"[T]here is no regulatory limit on how much time may pass between a [state agency] report and the ALJ's decision in reliance on it." McKenzie v. Commissioner of Social Security, No. 3:22-cv-164-JMV, 2023 WL 2390537 at *4 (N.D. Miss. Mar. 7, 2023) (citing Chandler v. Com'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). The question to consider is whether the state agency opinion is consistent and supported by substantial evidence in the record. Aldridge v. Berryhill, No. 3:16-cv-207-RP, 2017 WL 2324828, at *5 (N.D. Miss. May 26, 2017).

Here, the Report provides that "along with every other examination generated after the agency physicians . . . issued their opinions, Plaintiff exhibited normal gait, stance, and balance, with no cane use." [ECF No. 20] at 20. Moreover, the ALJ noted that while assessments conducted after the state agency opinions that limited Plaintiff to light work was "persuasive," the Plaintiff's osteoarthritis and neuropathy impairments supported further "postural limitations" in the residual functional capacity, and this finding is supported by substantial evidence. [Id.]. Without further evidence provided by the Plaintiff to show the state agency opinion is not supported by substantial evidence, the Court agrees with the Report.

III. Conclusion

In conclusion, based on a de novo review of the record, the Court finds that Plaintiff's objection to the Report should be overruled. Regarding any portions of the Report to which Plaintiff did not object, the Court has conducted the necessary review and concludes that they are neither clearly erroneous nor contrary to law. To the extent the Court has not specifically addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

Accordingly,

IT IS HEREBY ORDERED that Judge Isaac's Report is ADOPTED as the findings and conclusions of this Court.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 24th day of August, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE